# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| GLYNIS BETHEL, *et al.*, | : |
| Plaintiffs, | : |
| vs. | : Civil Action 10-0530-CG-C |
| CHARLES C. PARTIN, *et al.*, | : |
| Defendants. | : |

## **REPORT AND RECOMMENDATION**

Plaintiffs, who are proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983. (Doc. 1). Their action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1). After careful consideration of the pleadings, the undersigned has concluded that plaintiffs have not established a jurisdictional basis for this action, and recommends that it be dismissed.

### RELEVANT BACKGROUND

Plaintiffs filed their Complaint on September 28, 2010 and named Judge Charles C. Partin and Mark Seymour Boardman, Esquire, as defendants in their official and individual capacities. (Doc. 1.) They list Judge Partin as a "judge in the Circuit Court of Baldwin County" (*id.*, ¶ 3) and Mark Seymour Boardman as an "attorney" (*id.*, ¶ 4), and seek a declaratory judgment, preliminary and permanent injunctions, and damages. (*See id.*, ¶ 19.)

It is alleged that Mr. Boardman, acting in the capacity of an attorney, filed a motion to strike a jury demand that plaintiffs filed in a civil action pending in the Circuit Court of Baldwin County, Alabama, which was brought by the Baldwin County Board of Education (Doc. 1, Ex. A). (*See id.*, ¶ 5.) According to plaintiffs, the motion was filed pursuant to Rule 38(b), Alabama Rules of Civil Procedure.[1] (*See id.*) Once the motion was filed, a hearing on the motion was scheduled by Judge Partin for October 19, 2010 (Doc. 1, Ex. B), but sometime prior to October 19, plaintiffs visited the Chambers of Judge Partin and informed his secretary that they would not be attending the hearing "because it was basically illegal for the attorney and the judge to attempt to stop them from having a jury trial which was secured by the law (to paraphrase) . . . ." (*Id.*, ¶¶ 6-8.) The undersigned's review of all filings by plaintiffs did not reveal (1) whether the hearing was held on October 19, 2010; (2) if or how the motion was resolved by Judge Partin; or (3) the current status of the civil action.

According to the introduction to paragraphs 11 through 18 (*id.*, p. 4), plaintiffs indicate that they have three claims, but have not set forth those claims separately.

---

[1] The relevant portions of the Rule appear to be:

**(b) Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than thirty (30) days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party, and such demand shall be deemed to be a demand for a struck jury.

. . .

**(d) Waiver.** The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by the party of trial by jury.

Instead, the three claims are lumped together under a single heading, and can be characterized as an attempt to vindicate constitutional violations as authorized by 42 U.S.C. § 1983. (*See id.*, pp. 4-6.) First, plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring "that Defendants' [p]olicy and actions . . . violate the Seventh [and] Fourteenth Amendments to the United States Constitution[.]" (*Id.*, p. 6) Second, this Court is asked to preliminarily and permanently enjoin Judge Partin and Mr. Boardman from enforcing an unconstitutional policy designed to deny plaintiffs a jury trial in the state action proceeding in Baldwin County. (*See id.*) And finally, they seek $100,000 in compensatory damages. (*See id.*)

## DISCUSSION

### I.  Standard of Review

The "mere assertion of federal claim[s]"—such as those arising under § 1983—"is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331." *Blankenship v. Simon*, No. 3:10cv248/MCR/MD, 2010 WL 3277642, at *1 (N.D. Fla. July 15, 2010); *Russ v. Unknown Federal Agentcy [sic]*, No. 5:10cv289/RS/EMT, 2010 WL 5510133, at *2 (N.D. Fla. Dec. 9, 2010). "Federal jurisdiction requires that a party assert a ***substantial*** federal claim." *Id.* (quoting *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citation omitted)) (emphasis in original).

As the Supreme Court recognized in *Hagans v. Lavine*, 415 U.S. 528 (1976), "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit; wholly

insubstantial; obviously frivolous; plainly unsubstantial; or no longer open to discussion."

*Id.* at 536-37 (internal citation and quotation marks omitted).

> While emphasizing that this insubstantiality threshold is a difficult one to meet, the Court concluded that ***the substantiality doctrine "remains the federal rule and needs no reexamination."*** *Id.* at 538. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

*Blankenship*, 2010 WL 3277642, at *1; *Russ*, 2010 WL 5510133, at *2 (emphasis added and internal citations altered); *see Cotton v. Burgess*, 188 Fed. App'x 964, 965 (11th Cir. 2006) (per curiam) (recognizing that "[u]nder the standard [set forth in *Hagans*], 'federal subject matter jurisdiction exists where the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another'" (quoting *Barnett v. Bailey*, 956 F.2d 1036, 1041 (quotations omitted)), and therefore, "'[d]ismissal for want of jurisdiction is appropriate only if the federal claim is frivolous or a mere matter of form'" (quoting *Davis v. Cluet*, Peabody & Co., 667 F.2d 1371, 1373 n.7 (11th Cir. 1982) (internal quotations omitted))); *see also Pendleton v. Nepa Comm. Fed. Credit Union*, No. 3:CV-06-2170, 2007 WL 2155509, at *2 (M.D. Pa. July 26, 2007) ("A federal court may dismiss a plaintiff's complaint, *sua sponte*, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), when the allegations of the complaint are attenuated, insubstantial, frivolous, devoid of merit, and/or no longer open to discussion.") (citing *Hagans*, 415 U.S. at 536-37); *cf. id.* ("[T]he Court has the inherent

power to grant a dismissal based on the legal insufficiency of a claim, and may exercise this power on its own initiative.") (citations omitted).

> II. **The complaint fails to state a substantial federal claim against either defendant.**

Plaintiffs have failed to state a substantial—*i.e.*, non-frivolous—claim under 42 U.S.C. § 1983 against either defendant. As such, their complaint is due to be dismissed because this Court lacks subject matter jurisdiction. *See Hagans*, 415 U.S. at 536-37; *see, e.g., Pendleton*, 2007 WL 2155509, at *2.

The central theme of plaintiffs' claims is that the defendants, by following the procedural requirements of Rule 38, **may** be attempting to deprive them of a constitutional right or privilege afforded by the Seventh Amendment of the United States Constitution.[2] They fail, however, to present any facts that the denial of a jury trial has, in fact, occurred. After Judge Partin issued his order dated September 22, 2010 setting a hearing date on Mr. Boardman's motion to strike the jury demand, plaintiffs first informed Judge Partin's secretary that they would not attend the hearing, and then filed this federal action six days later, on September 28, 2010. There is no evidence that Judge Partin has in fact denied plaintiffs a jury trial on the claims pending against them. In addition, no evidence has been presented that would show that the issues pending in the state proceeding are "triable of right by a jury." The complaint presented to this Court was obviously filed in haste in an attempt to have this Court intervene in the proceedings

---

[2] Any allegation that may be interpreted as implicating the First Amendment also depends on proof that defendants have discriminated against plaintiffs because of, for example, their religious beliefs by refusing to allow them to proceed to trial before a jury.

5

before Judge Partin, but the information provided therein clearly fails to establish the existence of a claim upon which relief can be granted.

Legal authority for the assertion that Rule 38, Alabama Rules of Civil Procedure is unconstitutional and that the defendants, by filing a motion to strike and setting that motion for a hearing, are violating the First, Seventh, and Fourteenth Amendments of the United States Constitution ***does not exist***. To the contrary, both the Alabama and Federal versions of Rule 38 explicitly preserve the common-law right to a trial by jury as to issues triable by a jury. *See Fessler v. Miller*, ___ So. 3d ___, 2010 WL 4151990, at *1 n.1 (Ala. Civ. App. Oct. 22, 2010) (Article I, § 11, Alabama Constitution of 1901, "does not create a right to a trial by jury, but, rather, it preserves the common-law right to a trial by jury as it existed before the adoption of the Alabama Constitution. Thus, that provision does not give a litigant a right to a trial by jury on claims and issues that theretofore had not been triable by a jury, such as equitable claims."); *LaMarca v. Turner*, 995 F.2d 1526, 1544-45 (11th Cir. 1993) ("The Federal Rules of Civil Procedure provide that '[t]he right to trial by jury as declared by the Seventh Amendment to the Constitution . . . shall be preserved to the parties inviolate.' A party may, however, waive this right by failing to make a timely demand upon the courts.") (quoting FED. R. CIV. P. 38(a)).[3]

---

[3] The complaint, further, fails to show that plaintiffs are entitled to either declaratory or injunctive relief. "In order to receive declaratory or injunctive relief, plaintiffs must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted and the absence of an adequate remedy at law." *Bolin v. Story*, 225 F.3d at 1242 (citing *Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982)). (Continued)

6

### III. Any claim for damages against Judge Partin is precluded by the Doctrine of Judicial Immunity, and is thus frivolous.

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . ." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).

> A two-part test is utilized in order to determine when a judge is entitled to immunity when sued under § 1983: "[t]he first part of the test is whether the judge dealt with the plaintiff in a judicial capacity" and the second part of the test is "whether the judge acted in the 'clear absence of all

---

As discussed above, plaintiffs have failed to provide factual support for a constitutional violation. Even if they had plead facts supportive of a finding that Judge Partin had violated their constitutional right to a jury trial, they could not present a viable argument that there is a serious risk of irreparable injury if declaratory and injunctive relief is not granted nor that they are without an adequate remedy at law.

First, as plaintiffs have said, Judge Partin set a hearing for October 19, 2010 to consider the motion to strike their jury demand. That setting afforded plaintiffs an excellent opportunity to present their arguments and establish a record of the reasons for Judge Partin's adverse decision, if any. Secondly, assuming that Judge Partin found that plaintiffs' jury demand was filed late, and therefore waived pursuant to Rule 38(b), Alabama Rules of Civil Procedure, their opportunity to obtain a jury trial would not have been at an end. Their next option would have been to move for a trial by jury pursuant to Rule 39(b), Alabama Rules of Civil Procedure. *See Ex parte Atlantis Dev. Co.*, 897 So. 2d 1022, 1027-28 (Ala. 2004) ("The same rules of civil procedure that create a deadline for demanding a trial by jury also afford a remedy for those seeking relief from the consequences of a missed deadline. Rule 39(b), Ala. R. Civ. P., permits the trial court, upon motion, to order a trial by jury in its discretion notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right.") (internal quotation marks omitted). And finally, if the first two options failed, they would continue to have the right to present an appeal of the trial court's rulings to the appropriate court of appeal, the Alabama Court of Civil Appeals and/or the Supreme Court of Alabama.

Rather than availing themselves of this process, they refused to attend the hearing on October 19, 2010, giving up an opportunity to present their case to Judge Partin or make an oral request for the relief available under Rule 39. They knowingly and intentionally refused to take part in the proceedings that could have provided them with the very relief this Court is now asked to provide. No one is to blame for these actions but plaintiffs. Thus, they clearly do not have a claim to declaratory and injunctive relief.

jurisdiction.'" *Simmon v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (quoting *Stump v. Sparkmen*, 435 U.S. 349, 357 & 362 (1978)).

*Terry v. Smith*, Civil Action No. 09-00722-KD-N, 2010 WL 3724119, at *3 (S.D. Ala. Aug. 27, 2010). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

In this case, it is undisputed that Judge Partin is a Circuit Judge in Baldwin County, Alabama, *i.e.*, a constitutional officer, and no attack on his subject matter jurisdiction has been presented. Instead, it is argued that his policies and actions are depriving the plaintiffs of a jury trial in violation of the Constitution of the United States and the Alabama Constitution of 1901. The actions attributed to Judge Partin have clearly been taken in a judicial capacity—verbally indicating that he would grant a motion to strike a jury demand and entering a scheduling order to consider a party's argument that a demand for a jury trial has been waived pursuant to the applicable rules of procedure. Under these circumstances, any claim for compensatory damages in the amount of $100,000 against Judge Partin is "obviously frivolous in that [it is] precluded by the doctrine of judicial immunity." *Blankenship*, 2010 WL 3277642, at *1 (in which plaintiff complained that state judges were "violating his constitutional rights by not carrying out judicial duties in his case"). Accordingly, this Court lacks subject matter jurisdiction. *See Hagans*, 415 U.S. at 536-37; *see, e.g., Pendleton*, 2007 WL 2155509, at *2.

### IV. Any claim against Attorney Boardman is precluded because plaintiffs have failed to show that he is a state actor, and is thus frivolous.

Plaintiffs' claims against Mr. Boardman fail because plaintiffs have not sufficiently alleged that he acted under color of state law. To determine if a private party acts under color of state law, the United States Supreme Court uses three tests:

> (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. . . . The public function test limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state . . . . The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution . . . . The nexus/joint action test applies where the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise[.]

*Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993) (citations and internal quotation marks omitted).

The only connection with the state action that may be discerned from the pleadings is that Mr. Boardman provides legal services to the Baldwin County Board of Education.[4] Providing legal services for a public board of education in a civil action pending in state court does not meet the requirements of any of the three tests, and the plaintiffs have certainly failed to even suggest that Mr. Boardman was a state actor. *See, e.g., Freshwater v. Mount Vernon City Sch. Dist. Bd. of Educ.*, No. 2:09-cv-464, 2010 WL 1434314, at *2 (S.D. Ohio Apr. 8, 2010) ("It is well settled that a private attorney does not become a state actor simply by representing a public body.") (citing cases);

---

[4] The records of this Court clearly support the finding that Mark Seymour Boardman is a member of the private law firm of Boardman, Carr, Hutcheson & Bennett, P.C.

*Pistoresi v. Madera Irrigation Dist.*, No. CV-F-08-843-LJO-DLB, 2008 WL 5070051, at *9 (E.D. Cal. Nov. 25, 2008) (private law firm, Stoel Rives, retained to represent public body) ("The Stoel Rives defendants correctly point out that private attorneys are not state actors simply because they have been retained to advise or represent a public body."); *Stone v. Baum*, 409 F. Supp. 2d 1164, 1176 (D. Ariz. 2005) ("Plaintiffs may not sue a lawyer in private practice for violations of their civil rights because private practice attorneys are not state actors." (citing *Simmons v. Sacramento County Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that plaintiff cannot sue opposing counsel under section 1983 "because he is a lawyer in private practice who was not acting under color of state law" and "plaintiff's conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient")); *Oliver v. Sup. Ct. of Pa.*, CIV.A. No. 88-8171, 1989 WL 1592, at *1 (E.D. Pa. Jan. 12, 1989) ("An attorney, whether court appointed or privately retained, represents only his client, not the state. Thus, an attorney does not act 'under color of state law,' a critical element of a § 1983 claim.") (citing *Polk County v. Dodson*, 454 U.S. 312 (1981)); *see also Robert v. Abbett*, No. 3:08-CV-329-WKW (WO), 2009 WL 902488, at *19-20 (M.D. Ala. Mar. 31, 2009) ("Moreover, the fact that Johnson represented Lee County in this lawsuit and filed a motion to dismiss does not violate Robert's constitutional rights. Therefore, the claims against Johnson are due to be dismissed."). Without a basis to believe that Mr. Boardman could ever be found to be a state actor under these circumstances, the claims against him not only fail to state a claim upon which relief may be granted but are frivolous with no

chance of success. Accordingly, this Court lacks subject matter jurisdiction. *See Hagans*, 415 U.S. at 536-37; *see, e.g., Pendleton*, 2007 WL 2155509, at *2.

## CONCLUSION

In light of the foregoing, the undersigned **RECOMMENDS** that this matter be **DISMISSED** for lack of jurisdiction.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 13th day of April, 2011.

        s/ WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in S.D. Ala. L.R. 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[5]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED. R. CIV. P. 72(b)(2).